205 P.3d 1146

**In re the Marriage of Ronit MAXIMOV, Respondent–Appellant,**

**v.**

**Eitan MAXIMOV, Petitioner–Appellee.**

**No. 1 CA–CV 07–0914.**

Court of Appeals of Arizona,
Division 1, Department C.

March 26, 2009.

A.R.S. § 12–332(A)(1)–(6) (2003).

Sternberg & Singer By Melvin Sternberg, and Cohen Law Firm By Larry J. Cohen, Phoenix, Attorneys for Appellant.

## OPINION

TIMMER, Chief Judge.

¶ 1 Ronit Rosenberg[1] married Eitan Maximov on August 7, 1998. Maximov petitioned for dissolution of the marriage on October 26, 2005. At the time Maximov filed the Petition, the couple had one child and Rosenberg was pregnant with their second child. The family court entered a judgment and decree of dissolution of marriage on July 30, 2007. Following the denial of post-trial motions, this appeal followed. Rosenberg raises several challenges to the judgment, which Maximov failed to address via an answering brief. In this opinion, we consider the authority of the family court to modify temporary family support effective on a date prior to the date a party files a petition to modify support.[2]

## DISCUSSION

■■■ ¶ 2 Rosenberg contends the family court improperly reduced and reallocated temporary family support Maximov paid from April 2006 through September 2006. We review the court's decision to modify the amount of support for an abuse of discretion. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5, 975 P.2d 108, 110 (1999) (child support); *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9, 166 P.3d 929, 931 (App.2007) (spousal maintenance). We review its interpretation of statutory authority, however, de novo as a question of law. *See Mead v. Holzmann*, 198 Ariz. 219, 220, ¶ 4, 8 P.3d 407, 408 (App.2000).

¶ 3 On March 30, 2006, the family court ordered Maximov to pay an unallocated $7,500 per month commencing April 1 for spousal maintenance and child support. The family court expressly stated its order was "without prejudice to either party's position at the time of trial to request that any sums

ordered to be paid be increased or decreased, or that there be an adjustment if one party has overpaid or underpaid." Maximov paid this amount from April 2006 through September 2006, for a total of $45,000. On September 11, 2006, Maximov moved for modification of temporary support. The court deferred ruling on the motion until trial, which took place on May 1, 2007. Maximov did not make any payments to Rosenberg from October 2006 through trial.

¶ 4 The family court entered the judgment/decree on July 30, 2007, along with extensive findings of fact. Among other things, the court reduced Maximov's support obligation from $7,500 per month to $1,826.34 per month ($1,226.34 child support and $600 spousal maintenance). The court found that Maximov could not afford compliance with the $7,500 temporary support order when it was entered. Consequently, it allocated the support actually paid by Maximov, $45,000, over the time period beginning December 1, 2005, the first day of the month following service of the petition, and ending July 31, 2007. As a result, Maximov effectively paid $2,250 per month in temporary support. Finally, in light of Maximov's inability to pay $7,500 per month in temporary family support, the court denied Rosenberg's pending motion to hold him in contempt for failing to fully pay that amount.

¶ 5 Rosenberg argues the family court violated Arizona Revised Statutes ("A.R.S.") section 25–327 (2007)[3] by reducing the family support obligation between April and September 2006 because (1) the court did not have authority to reduce the temporary support obligation for that time period, and (2) the court did not expressly find good cause to make this reduction. According to Rosenberg, therefore, the court should have left the $7,500 obligation in place through September 30, 2006 and then started the $1,826.34 obligation on October 1, 2006.

1. We refer to appellant by her maiden name, which the family court reinstated following the trial.

2. By separate unpublished decision filed this date, we address the remainder of Rosenberg's issues on appeal.

3. We cite to the current version of the statutes cited in this decision because no subsequent material revisions have occurred.

Consequently, Rosenberg asserts the court erred by failing to find that Maximov owed $18,263.40 for the time period commencing October 1, 2006 and ending July 31, 2007.

¶ 6 Section 25–327(A), A.R.S., provides, in pertinent part, as follows:

> Except as otherwise provided in § 25–317, subsections F and G, the provisions of any **decree** respecting maintenance or support may be modified or terminated only on a showing of changed circumstances that are substantial and continuing except as to any amount that may have accrued as an arrearage before the date of notice of the motion or order to show cause to modify or terminate.
>
> . . .
>
> Modifications and terminations are effective on the first day of the month following notice of the petition for modification or termination unless the court, for good cause shown, orders the change to become effective at a different date but not earlier than the date of filing the petition for modification or termination.

(Emphasis added.) By its plain terms, therefore, § 25–327(A) does not apply to pre-decree temporary orders for family support. Consequently, the court did not violate the provision by effectively reducing the family support amount due from April through September 2006.[4]

¶ 7 Temporary maintenance and support are authorized and governed by A.R.S. § 25–315 (Supp.2007). Unlike § 25–327, § 25–315 does not prohibit the court from setting the effective date of a modification to temporary family support to a date prior to the date of filing a petition for modification. Therefore, the family court retains its authority to modify temporary support nunc pro tunc. *See* Ariz. R. Family Law P. 81(A) (authorizing court to direct entry of judgment nunc pro tunc as justice may require).

¶ 8 Likewise, neither § 25–315 nor any other authority requires the family court to expressly find good cause in a final decree to modify a temporary support order nunc pro tunc. Indeed, § 25–315(F) provides that a temporary order "[d]oes not prejudice the rights of the parties ... which are to be adjudicated at the subsequent hearings in the proceeding." Regardless, we conclude the court found good cause for allocating the temporary support Maximov paid over a longer time period. Specifically, the court found as follows:

> 95. Based on the testimony and evidence presented at trial, it is clear that [Maximov] could not afford the $7,500 family support order when it was made on March 30, 2006. [Maximov's] only source of funds at that time was borrowed monies. Thereafter, [Maximov's] only other source of funds in 2006 was from the sale of the 1.4–acre lot of the 39th Avenue Property in August 2006.
>
> 96. After August 2006, [Maximov] did not receive any money as income or from borrowing or as excess cash from any source.
>
> 97. All of the money in [Maximov's] bank accounts, including the money held in the name of one or more of the businesses, in the fall of 2006 was proceeds from the 39th Avenue real property transactions and was used to pay business debts, primarily mortgages and equity lines, and other expenses referenced above through December, 2006.

These factors justified the court's ruling.

¶ 9 For all these reasons, we reject Rosenberg's arguments.

## CONCLUSION

¶ 10 The family court possessed authority to set the effective date of a modification to

---

4. We recognize that Maximov did not argue to the family court the inapplicability of § 25–327. Although we are loath to make arguments for a party, particularly one who did not file an answering brief, "when we are considering the interpretation and application of statutes, we do not believe we can be limited to the arguments made by the parties if that would cause us to reach an incorrect result." *See Evenstad v. State*, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App. 1993).

temporary family support to a date prior to the date of filing a petition for modification of support. The court did not err by doing so in this case. Therefore, and for the reasons set forth in the memorandum decision filed this date, we affirm.

CONCURRING: PHILIP HALL, Presiding Judge, and MAURICE PORTLEY, Judge.