IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CHARLES P. MCCLENDON, *Petitioner/Appellee*,

*v.*

SHERRI L. MCCLENDON, *Respondent/Appellant.*

No. 1 CA-CV 17-0049 FC
FILED 12-7-2017

Appeal from the Superior Court in Maricopa County
No. FN2006-002783
The Honorable Katherine M. Cooper, Judge

**REVERSED AND REMANDED**

COUNSEL

DeSoto Law Firm, Phoenix
By Rita E. DeSoto
*Co-Counsel for Petitioner/Appellee*

Jones, Skelton & Hochuli, P.L., Phoenix
By Eileen Dennis GilBride (argued)
*Co-Counsel for Petitioner/Appellee*

Joe M. Romley, P.C., Phoenix
By Joe M. Romley
*Counsel for Respondent/Appellant*

## OPINION

Presiding Judge Paul J. McMurdie delivered the opinion of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.[1]

**M c M U R D I E**, Judge:

**¶1**        Sherri L. McClendon ("Wife") appeals from a superior court order modifying Charles P. McClendon's ("Husband") spousal maintenance obligation. We reverse and remand for further proceedings, holding the superior court is to look at the latest court order in effect as the "decree respecting maintenance" under Arizona Revised Statutes ("A.R.S.") section 25-327 when determining if modification of spousal maintenance is warranted.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        In 2007, the parties entered a consent decree dissolving their 30-year marriage. Under the consent decree, Husband was to pay Wife spousal maintenance of $5500 per month until "further agreement of the parties or Court order." The parties also agreed that upon Husband's retirement from the Arizona State Retirement System ("ASRS"), Wife would receive her share of the retirement that accrued during the marriage.

**¶3**        In February 2014, Husband retired from his position as a city manager and relocated to California to manage another city beginning in March 2014. In February 2014, Husband petitioned to modify the spousal maintenance award because Wife had started to receive her share of the ASRS benefits, and she was now engaged in full-time employment. In August 2014, the parties entered into a binding Rule 69 agreement. Pursuant to the parties' 2014 agreement, reduced to an order that same year, Husband's spousal maintenance obligation to Wife was reduced from $5500 to $4000 per month (the "2014 Order"). Both the consent decree and 2014 order provided indefinite awards of spousal maintenance.

---

[1]    The Honorable Patricia A. Orozco, retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

¶4 In 2016, Husband petitioned again to modify his spousal maintenance obligation. At the evidentiary hearing, Husband testified that Wife worked full time "a number of years prior to [2014]," as well as during the period between 2014 and 2016. Wife only worked part-time prior to the parties' divorce in 2007. After the 2014 Order, Wife's hourly wage increased by $0.89 per hour, resulting in a total monthly wage income of $2900. Husband further testified that Wife started receiving her share of ASRS benefits in the amount of approximately $3400 per month before the 2014 Order. Wife's ASRS distribution and full-time employment was at least part of the basis for the parties' agreement to modify Husband's spousal maintenance obligation in 2014. Husband's monthly wages as a city manager increased from $12,700 in 2007 to almost $20,000 after his employment in California. Husband also receives $5600 per month in retirement benefits from ASRS.

¶5 In its 2016 order, the court concluded the relevant time during which Husband's request for modification should be assessed was from the consent decree to present, and not from the 2014 Order to present. The court made A.R.S. § 25-319 findings and modified the spousal maintenance award from $4000 per month to $2000 per month. The court further ordered the decreased payment to terminate in 12 months. This appeal followed and we have jurisdiction pursuant to A.R.S. section 12-2101(A)(1) and (2).

## DISCUSSION

¶6 Wife argues the superior court erred by (1) finding a substantial and continuing change in circumstances sufficient to modify the 2014 Order; (2) limiting the indeterminate spousal maintenance award to 12 months; and (3) denying her an attorney's fees award.

**A. The Superior Court Erred by Assessing the Change in Circumstances from the Consent Decree instead of from the 2014 Modification Order.**

¶7 Wife argues no substantial and continuing changes existed to support the modification of the 2014 Order because (1) the proper period for comparison of the circumstances was from the 2014 Order, and not from the consent decree; (2) the same circumstances cannot support a successive modification; and (3) the doctrine of *res judicata* prevents the same circumstances from supporting a successive modification.

¶8 We review the superior court's ruling modifying spousal maintenance for abuse of discretion. *In re Marriage of Priessman*, 228 Ariz. 336, 338, ¶ 7 (App. 2011) (citing *Van Dyke v. Steinle*, 183 Ariz. 268, 273 (App.

1995)). We defer to the court's factual findings unless they are clearly erroneous or unsupported by substantial evidence. *Bobrow v. Bobrow*, 241 Ariz. 592, 595, ¶¶ 11, 20 (App. 2017). We review questions of law, such as interpretation of statutory authority, *de novo*. *Maximov v. Maximov*, 220 Ariz. 299, 300, ¶ 2 (App. 2009).

**¶9**        Spousal maintenance "may be modified or terminated *only* on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A) (emphasis added). "The burden of proving changed circumstances is on the party seeking modification." *Scott v. Scott*, 121 Ariz. 492, 494 (1979) (citing *Linton v. Linton*, 17 Ariz. App. 560, 563 (1972)). As § 25-327 does not designate any specific point in time from which to assess or compare the changed circumstances, our supreme court has held that "[t]o be relevant evidence for a modification, a changed circumstance must occur subsequent to the divorce." *Scott*, 121 Ariz. at 494 (citing *Hornbaker v. Hornbaker*, 25 Ariz. App. 577, 578 (1976)).[2]

---

[2]      Section 25-327 was enacted by 1973 Ariz. Sess. Laws, ch. 139, § 2 (1st Reg. Sess.), and the operative language requiring the showing of substantial and continuing change in circumstances before modification of "any decree respecting maintenance" has not been substantially amended.

¶10         Section 25-327(A)[3] governs "the provisions of *any* decree respecting maintenance," except for separation agreements entered under § 25-317. (Emphasis added.) We interpret "*any* decree respecting maintenance" to include the original award of maintenance as well as any order modifying the original award. Hence, the latest court order *in effect* is the "decree respecting maintenance" from which a substantial and continuing change should be assessed and from which the burden to prove such a change arises for the party seeking to modify an order.

¶11         This interpretation is consistent with *Scott.* In *Scott*, the court held modification was not authorized because the husband knew of and contemplated the claimed changes at the time of the parties' agreement, which was incorporated by reference into the divorce decree. *See Scott*, 121 Ariz. at 494. The court in *Scott* did not address changes to subsequent modifications. The reasoning in *Scott* supports our interpretation of § 25-327 — that the circumstances existing before any decree or modification is entered cannot also support a subsequent modification. *See Scott*, 121 Ariz. at 494−96.

---

[3]         Section 25-327(A) reads as follows:

A.         Except as otherwise provided in § 25-317, subsections F and G, the provisions of any decree respecting maintenance or support may be modified or terminated only on a showing of changed circumstances that are substantial and continuing except as to any amount that may have accrued as an arrearage before the date of notice of the motion or order to show cause to modify or terminate. The addition of health insurance coverage as defined in section 25-531 or a change in the availability of health insurance coverage may constitute a continuing and substantial change in circumstance. The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state. Modifications and terminations are effective on the first day of the month following notice of the petition for modification or termination unless the court, for good cause shown, orders the change to become effective at a different date but not earlier than the date of filing the petition for modification or termination.

¶12        In contrast, the superior court concluded here that "the relevant time period for assessing [the substantial and continuing] change is the time from dissolution [in 2007] to present, not [from] 2014 [the first modification] to present." To support its conclusion, the court relied on *Richards v. Richards*, 137 Ariz. 225, 226 (App. 1983) ("The changed circumstances alleged must be proved by a comparison with the circumstances existing at dissolution.") (citing *Scott*, 121 Ariz. at 494). The court erred, however, because neither *Richards* nor *Scott* specifically addressed issues related to subsequent orders modifying the original award. Here, Husband sought to modify the 2014 Order. Husband relied on the same circumstances that existed before the 2014 Order was entered: Wife's full-time employment and payments from Wife's share of the ASRS proceeds. Because these changes existed and were the basis for the modification in 2014, they cannot support a change in circumstances in 2016. *See* A.R.S. § 25-327(A).

¶13        Husband further argues the 2014 Order was not a "court-determined" modification under § 25-327(A) because the court relied solely on the parties' Rule 69 agreement. Therefore, Husband contends, the court did not consider "any of the changed circumstances that had occurred between 2007 and 2014" until the hearing in 2016. We disagree.

¶14        All court orders modifying a spousal maintenance award are "court-determined," whether such an order results from an evidentiary hearing or from the parties' agreement. In the latter case, the record need not reflect the parties' motivations or calculations underlying a Rule 69 agreement, provided the parties enter the agreement voluntarily, and the agreement was fair and equitable. *See Sharp v. Sharp*, 179 Ariz. 205, 210 (App. 1994) (the superior court "is obliged to achieve a fair and equitable distribution of the property and is 'not foreclosed from doing so by the parties' . . . agreement.'") (quoting *Wick v. Wick*, 107 Ariz. 382, 385 (1971)). Here, the court made those findings in 2014, and concluded the agreement was "enforceable by the Court consistent with the record made by counsel." Evidence in the record reasonably supports the superior court's 2014 findings. *See Mitchell v. Mitchell*, 152 Ariz. 317, 323 (1987).

¶15        Husband further argues the court properly considered evidence of Wife's circumstances as they existed before the 2014 Order because the 2014 Order "was not a final judgment on the merits." If the parties' agreement is entered in accordance with Rule 69, the superior court may enter a final judgment. Ariz. R. Fam. Law P. 70(B). A petition to modify spousal maintenance commences a new proceeding. *See Williams v. Williams*, 228 Ariz. 160, 166, ¶ 24 (App. 2011); Ariz. R. Fam. Law P. 3(B)(5).

While a party may petition for modification of spousal maintenance, *res judicata* prevents the party "from *obtaining* a modification . . . based on facts which could have been raised" in the previous proceeding. *See In re Marriage of Rowe*, 117 Ariz. 474, 475 (1978) (husband was precluded from challenging a default decree's spousal maintenance award absent a change of circumstances from the time the default was entered). The superior court has no authority to modify its original order of spousal maintenance, or any subsequent modification, unless a party can show a substantial and continuing change in circumstances under § 25-327. *See Preston v. Denkins*, 94 Ariz. 214, 219 (1963) ("[T]he inherent power of the court to vacate or modify its judgment does not extend beyond the point at which the judgment becomes final, except as authorized by law.").

**¶16**        As Husband sought to modify the 2014 Order, he had the burden to prove changed circumstances arising after the order was entered. *See Scott*, 121 Ariz. at 494. On remand, Husband may introduce evidence of the circumstances existing at the time of the 2014 Order to meet that burden. *See Rowe*, 117 Ariz. at 475–76 (without the ability to produce evidence of the circumstances existing at the time a decree is entered, a party "could never satisfy the prerequisites needed to modify a support order, as set forth in A.R.S. § 25-327"). But ultimately, he must convince the court that there has been a substantial and continuing change from the circumstances at the time of the 2014 Order warranting relief.

**¶17**        Because the superior court misapplied the law in assessing whether Husband had presented a substantial and continuing change in circumstances, we remand for the court to reconsider the 2016 order.[4]

## B.     Wife is Entitled to Reconsideration of Her Request for Attorney's Fees.

**¶18**        Wife contends the superior court should have awarded her attorney's fees under A.R.S. § 25–324(A). Because we are remanding the case to the superior court, we vacate its order denying Wife's request for an award of attorney's fees. Pending the outcome of the proceedings on

---

[4]        Because it is not necessary to our ruling, we decline to reach the parties' other arguments. *See State v. Hardwick*, 183 Ariz. 649, 657 (App. 1995) (once the court found grounds for resolution, it declined to reach the remaining issues).

remand, the court shall reconsider whether an award of fees to either party is appropriate.

## C.      Attorney's Fees on Appeal.

**¶19**      Both parties seek attorney's fees on appeal pursuant to A.R.S. § 25–324. Upon consideration of the financial resources of the parties and the reasonableness of the positions taken on appeal, we exercise our discretion and award Wife her reasonable attorney's fees incurred on appeal. As the prevailing party on appeal, we also award costs to Wife upon her compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶20**      For the forgoing reasons, we reverse the superior court's 2016 order and remand for further proceedings consistent with this opinion.



AMY M. WOOD • Clerk of the Court
FILED:  AA