NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ANTHONY DEFRANCESCO,
*Petitioner/Appellee,*

*v.*

ADRIENE DEFRANCESCO,
*Respondent/Appellant.*

No. 1 CA-CV 19-0055 FC
FILED 12-5-2019

Appeal from the Superior Court in Maricopa County
No.  FC2011-091013
FN2017-092333
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

The Murray Law Offices, PC, Scottsdale
By Stanley D. Murray
*Counsel for Petitioner/Appellee*

Dickinson, Wright, PLLC, Phoenix
By Steven D. Wolfson, Michael R. Scheurich
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the court, in which Presiding Judge Kenton D. Jones and Judge James B. Morse Jr. joined.

---

**J O H N S E N**, Judge:

**¶1** Anthony DeFrancesco ("Husband") and Adriene DeFrancesco ("Wife") married in 1988 and legally separated in 2012. Husband filed for dissolution in 2017, and the superior court dissolved the marriage after a contested hearing. After the court entered its decree of dissolution, Wife timely appealed the ruling. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120(A)(1) (2019) and -2101(A)(1) (2019).[1] Wife appeals from several of the rulings the superior court made in dissolving the marriage. For the reasons set forth below and in a separate opinion, *see* Ariz. R. Civ. App. P. 28(c); Ariz. R. Sup. Ct. 111(b), we affirm.

**DISCUSSION**

**A.     Spousal Maintenance.**

**¶2** As applied here, the purpose of a spousal maintenance award "is to achieve independence for both parties and to require an effort toward independence by the party requesting" the award. *Schroeder v. Schroeder*, 161 Ariz. 316, 321 (1989). We review the superior court's ruling on spousal maintenance for an abuse of discretion, and will affirm as long as there is evidence to support the court's decision. *See Cooper v. Cooper*, 130 Ariz. 257, 261 (1981). We review questions of law *de novo*. *See Nicaise v. Sundaram*, 245 Ariz. 566, 567, ¶ 6 (2019).

**¶3** At the time of trial, Wife, a dental hygienist, was 57. It was not disputed that she qualified for spousal maintenance; the issue was the amount of the award. Husband proposed $2,000 a month; Wife asked for $4,500 a month. Wife's gross monthly income was $2,555. She was working one to two days a week with one dentist and one to two days a week with another. She also worked three days a week in retail. She was paid $38 an

---

[1]     Absent material revision after the relevant date, we cite the current version of a statute or rule.

hour as a hygienist and $10.71 an hour in her retail position. In awarding Wife support of $2,500 a month for five years, the superior court found she could work as a hygienist up to 32 hours a week while continuing to work eight hours a week in retail.

¶4        Wife argues the court erred because there were no facts in the record to support the proposition that "the dental hygienist job market offered Wife 32 hours per week." At trial, Wife described her efforts to find another hygienist position in 2018, saying she had dropped off resumes and applied for jobs on Craigslist. Husband's counsel cross-examined her about her job search, asserting that an internet search had revealed 71 hygienist openings in Phoenix. Wife points out the court sustained her objection to the results of that search, and argues that the court must have relied on facts outside the record for its conclusion that she could find 32 hours of work a week as a hygienist.

¶5        The court did not abuse its discretion in attributing 32 hours of hygienist's pay to Wife. As Husband argues, by Wife's own account, at the time of trial, she was working between two and four days a week as a hygienist. Thus, the record supports the conclusion that Wife already worked four days as a hygienist during some weeks. The court did not abuse its discretion by concluding Wife could find another position if needed. One of the dentists who now employs Wife testified she has excellent hygienist skills. Although Wife argues she has tried but failed to find an additional hygienist position, when asked on cross-examination whether she had applied for work at 14 specific dental offices in the Valley, she admitted she had not applied at six of them and could not say whether she had contacted four others. We defer to the superior court's determination of witnesses' credibility and the weight to give conflicting evidence. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).

## B.    Spousal Maintenance Arrearage.

¶6        Wife asked to be awarded the family home, and the court granted her request. In its decree, entered October 4, 2018, the court found the value of the home, net of an encumbrance of $96,000, was $301,839, and ordered Wife to make an equalization payment of $150,919.50 to Husband for his one-half equity interest in the home. The court then ruled as follows:

**IT IS ORDERED**:

1. Awarding the residence to Wife.

2.  Wife shall pay Husband an equalization payment as set forth in this Decree no later than December 31, 2018.

3.  Wife shall re-finance or pay off the [debt] no later than December 5, 2018.

4.  If Wife fails to pay the equalization payment timely **or** fails to re-finance/pay off the [debt] timely, then the house shall be placed for sale immediately. . . .  The net proceeds from the sale shall be divided equally, except that Wife will be responsible for her allocated share of the [debt] as set forth below.

¶7        After the dissolution trial but before the court entered its decree, Wife filed a petition to hold Husband in contempt.  She argued Husband had failed to comply with an order issued in March 2018 requiring him to pay her temporary spousal maintenance of $5,500 a month.  After a hearing, the court ruled Husband had failed to pay $4,600 in maintenance due between the March 2018 order and entry of the decree.  In its order, however, the court tied Husband's obligation to pay the arrearage to Wife's obligation under the decree to make the family-home equalization payment no later than December 31, 2018.  The court ruled as follows:

> Husband shall pay Wife via offset against the equalization payment owed by Wife to Husband for his equity share of the marital residence.  Accordingly, Wife shall pay Husband the equalization payment ordered in the Decree, less $4600.

> If Wife fails to pay the equalization payment timely, Husband's obligation to pay the $4,600 is moot and Wife shall not seek further action for payment by Husband.

¶8        On appeal, Wife argues the court erred by miscalculating the arrearage due (she contends the arrearage amounted to $10,732).  Our record, however, does not allow us to review the amount of the arrearage ordered by the superior court.  As noted, the court ruled after hearing evidence on the matter, and we have been provided no transcript of that hearing.  *See Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8, n.1 (App. 2005) ("In the absence of a transcript, an appellate court will presume that the record supports the trial court's rulings.").

**¶9** Wife also argues the court had no legal basis for conditioning Husband's obligation to pay the arrearage on her compliance with the December 31 equalization deadline. We disagree.

**¶10** Wife argues installments of spousal maintenance are vested when they become due and contends the support obligations that gave rise to the arrearage order preexisted the order requiring Wife to make the equalization payment. *See Jarvis v. Jarvis*, 27 Ariz. App. 266, 267-68 (1976). Wife also points out that the decree provided that if she did not refinance the debt that encumbered the home in time to make the equalization payment by December 31, she must sell the home, and that in that event, she would satisfy her equalization obligation by paying Husband his half of the net proceeds of the sale (after payment of the debt and taking into account other offsets). Thus, she argues, on its face, the decree did not establish December 31 as an absolute deadline to make the equalization payment but allowed her to wait to make that payment until after the home sold.

**¶11** Husband argues in response that the legal authorities Wife cites do not apply to the arrearage at issue here because it arose from a temporary order, not from a final decree. Husband correctly argues that a temporary support order issued under A.R.S. § 25-315(E) (2019) is subject to modification thereafter. *See Maximov v. Maximov*, 220 Ariz. 299, 301, ¶ 7 (App. 2009) ("court retains its authority to modify temporary support nunc pro tunc"). Wife argues *Maximov* is distinguishable because the order at issue there expressly provided it was subject to change. But our holding in that case was not based on the language of the order but, instead, on § 25-315(E). *See Maximov*, 220 Ariz. at 301, ¶¶ 7-8. Wife replies that the arrearage arose from obligations under the Separation Decree, which was entered in 2012, not under the court's March 2018 temporary orders. As Husband points out, however, Wife's contempt petition, which gave rise to the arrearage order, cited the March 2018 temporary orders rather than the Separation Decree. And when the court ruled on Wife's petition for contempt, it cited the temporary orders, which became effective in March 2018, not before.

**¶12** Finally, Wife argues that the court denied her due process when it ruled that the arrearage obligation would be effectively canceled if she did not make the equalization payment by December 31. As noted, the court ruled on her petition for contempt, effectively amending the decree, after hearing evidence at a contested hearing. Because we lack a transcript of that hearing, we have no basis for reviewing her due-process argument.

## C.     Denial of Wife's Request for Attorney's Fees.

**¶13**        Under A.R.S. § 25-324(A) (2019), the court may order fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." We review the superior court's ruling on fees under § 25-324(A) for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014).

**¶14**        In the decree, applying § 25-324(A), the superior court found "no substantial disparity of financial resources between the parties" and also that both "acted unreasonably and contributed to the cost of this litigation." The court concluded that the sole basis for an award of fees to Wife was Husband's failure, before issuance of temporary orders in March 2018, to comply with an agreement made during the legal separation to deposit monies into a joint account. The court therefore ruled it would award Wife a portion of the fees she incurred in litigating that issue before issuance of the temporary orders in March 2018.

**¶15**        After Wife submitted a fee affidavit, however, the court *sua sponte* reconsidered its prior order and denied fees, citing two reasons. The court first found that Wife's request for more than $19,000 in fees and costs "far exceed[ed]" the scope of its prior order. The court also reconsidered the legal grounds on which it had made the prior award and concluded that Husband had not acted unreasonably in interpreting his obligation to deposit monies into the joint account. The court pointed out that, at first, it had agreed with Husband's contention that he need not continue to deposit his paycheck, only to ultimately conclude a prior agreement by the parties required him to continue to do so: "If the Court was confused about Husband's obligation, how can the Court find that Husband acted unreasonably under A.R.S. § 25-324? It cannot."

**¶16**        On appeal, Wife first argues the court abused its discretion by failing at the outset to award her more of her fees. Wife argues the court erred both by finding no substantial disparity between the parties' respective resources and that she acted unreasonably in the course of the litigation.

**¶17**        To begin with, Wife argues the court misconstrued the applicable legal test when it referred to the absence of a "'substantial' disparity" in the parties' respective resources. Citing *Magee v. Magee*, 206 Ariz. 589, 591, ¶ 8, n.1 (App. 2004), Wife argues that under § 25-324(A), the court must consider whether an award of fees is appropriate whenever it

finds a "relative financial disparity." As for reasonableness, Wife also challenges the court's finding that she could have increased her own earnings post-petition but voluntarily did not, and argues that Husband's earnings far outpaced her own.

¶18 Regardless of whether the court improperly based its decision on the absence of a "substantial disparity" (rather than a "relative disparity") in resources, the court did not abuse its discretion in finding that the parties' respective financial positions did not require that Wife be awarded all of her fees. As the court found, an agreement the parties entered in 2012 in connection with their legal separation allowed Wife the benefit of significant resources before the dissolution, and spousal maintenance ordered in the decree gave her substantial support for five years thereafter. Wife contends the court erred by concluding that she could have increased her income by finding additional work as a dental hygienist both before and after the decree. For the reasons explained *supra* ¶¶ 4-5, we disagree.

¶19 As for reasonableness of the positions taken, Wife also argues the court abused its discretion by finding she was partly to blame for the parties' inability to reach a prehearing compromise on spousal maintenance. But, again, the basis for this finding by the court was its conclusion that Wife had the ability to increase her earnings as a hygienist.

¶20 In the decree, as noted, the court ruled that it would award Wife "a portion of her fees related to" her (1) efforts before December 29, 2017, to resolve a dispute over Husband's obligations to deposit monies for her use pursuant to the separation agreement and (2) "preparation for and attendance" at the January 2018 hearing on temporary orders.

¶21 When Wife submitted her detailed statement of fees, however, she sought fees beyond those she incurred in connection with the two occasions the court had specified. As she acknowledges, her application included fees incurred in preparing her petition for contempt, filed in September 2018, some eight months after the hearing on temporary orders, and in preparing for and participating in an evidentiary hearing on that contempt petition in November 2018. On appeal, Wife cites no support for her contention that her fee statement conformed to that ordered by the court. Contrary to her contention, the decree's fee provision was very specific and did not grant fees for any task her counsel undertook to enforce payments due under the separation agreement.

¶22 Finally, the court also did not abuse its discretion in reconsidering the premise for its original fee award, which was that

Husband had unreasonably defended his position concerning payments due under the separation agreement. If, as the court observed, that agreement was a challenge for the court to interpret, Husband could not be said to have unreasonably argued it should have been interpreted in his favor.

## CONCLUSION

¶23 For the reasons stated above and in our separate opinion, we affirm the decree and the superior court's post-decree rulings at issue in this appeal. Both parties ask for their fees under A.R.S. § 25-324(A). In our discretion, we deny both requests. Husband is entitled to his costs on appeal contingent on compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA