NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of:

KRISTEN BROADBENT, *Petitioner/Appellant,*

*v.*

JAYSON BROADBENT, *Respondent/Appellee.*

No. 1 CA-CV 20-0561 FC

FILED 7-29-2021

Appeal from the Superior Court in Maricopa County
No. FC2009-090529
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**REVERSED**

COUNSEL

Gillespie, Shields, Goldfarb & Taylor, Mesa
By DeeAn Gillespie Strub, Mark A. Shields
*Counsel for Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding
Judge D. Steven Williams and Judge James B. Morse Jr. joined.

**G A S S**, Judge:

**¶1**             Mother and father married and had two children. In 2011, the superior court dissolved their marriage, ordered the children to reside primarily with mother, and ordered father to pay child support.

**¶2**             As of April 1, 2019, both children were living primarily with father because of a dependency proceeding. On August 22, 2019, the State — under Title IV-D — petitioned to modify child support. The superior court granted the petition, ordered mother to pay child support, and ordered mother's obligation to begin on "April 1, 2019, the date upon which Father obtained primary custody of both children."

**¶3**             Mother appeals, arguing the superior court could not modify child support with an effective date earlier than when the State petitioned to modify. Father filed no answering brief. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. § 12-120.01.A.1.

**¶4**             Though we could accept father's failure to answer as a confession of reversible error, we reach the merits. *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980). We agree with mother.

**¶5**             This court reviews a superior court's ruling on a petition to modify child support for abuse of discretion. *Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 7 (App. 2015). This court reviews *de novo* the superior court's interpretation of a statute as a matter of law. *Maximov v. Maximov*, 220 Ariz. 299, 300, ¶ 2 (App. 2009). Arizona prohibits child support modification from taking effect "earlier than the date of filing the petition for modification." A.R.S. § 25-327.A. The statute is unambiguous. The superior court lacked authority to make the modification effective before August 22, 2019, when the State filed the petition.

**¶6**             We, therefore, reverse the order as to its effective date and order the child support modification take effect on August 22, 2019. Because father did not oppose mother's appeal, we decline to award attorney fees, but we award mother reasonable costs upon compliance with ARCAP 21.

