NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MAAYAN GREENBOOM, *Petitioner*,

*v.*

EYAL RAN, *Respondent*.

No. 1 CA-SA 25-0224

FILED 10-23-2025

Petition for Special Action from the Superior Court in Maricopa County
No. FC2024-005355
The Honorable Jay R. Adleman, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Hallier Stearns Brierley, PLC, Phoenix
By Angela K. Hallier & Natalie M. Jones
*Co-Counsel for Petitioner*

Jones, Skelton & Hochuli P.L.C., Phoenix
By Eileen Dennis GilBride
*Co-Counsel for Petitioner*

Reardon House Colton PLC, Scottsdale
By Taylor S. House & Kristi A. Reardon
*Counsel for Respondent*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Kent E. Cattani and Judge David B. Gass joined.

---

**M c M U R D I E**, Judge:

**¶1**          Maayan Greenboom ("Wife") seeks special action relief from an order denying temporary spousal maintenance from Eyal Ran ("Husband") because of a premarital agreement currently being litigated in a foreign country. We accept jurisdiction but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          Wife and Husband signed a premarital agreement and lodged it in an Israeli court after getting married. Within the agreement, the parties chose an Israeli family court as the forum of choice for the agreement. They stated in the agreement that if divorce proceedings "were to continue beyond 3 months, the Wife irrevocably and absolutely waives in advance her alimony, *ketubbah*, and *tosefet ketubbah*."[1] While lodging the agreement with the Israeli court, Wife acknowledged she was "aware of the problematic consent on [her] part" for the alimony subsection, but "it was done willingly, after consideration."

**¶3**          Sometime after getting married and lodging the agreement, the parties moved to Arizona and have lived here consistently for over fifteen years with multiple children. In September 2024, Husband petitioned an Israeli court to enforce the premarital agreement as part of the parties' divorce. Wife responded in December 2024, moving to dismiss for *forum non conveniens*. In October 2024, Wife petitioned the superior court for dissolution and sought temporary orders in December.

---

[1]      "A ketubah is a document recording the financial obligations that the husband undertakes toward his wife in respect of, and consequent to, their marriage—obligations that, in principle, are imposed on him by Jewish law." *Victor v. Victor*, 177 Ariz. 231, 232 (App. 1993) (citing 10 *Encyclopedia Judaica* 926 (1972)).

¶4            Husband moved to dismiss in the superior court because the financial distribution was governed by the premarital agreement pending in Israel. At the temporary orders hearing, the court held Husband's motion to dismiss in abeyance and allowed the parties to present evidence on temporary maintenance. Both parties introduced evidence about spousal maintenance, which explored the terms of the agreement. After the hearing, the court denied Wife's request for temporary spousal maintenance without prejudice. Wife moved to reconsider, and, in its order on the reconsideration motion, the court addressed temporary spousal maintenance on the merits, finding, "[b]ased on the record presented at the time of the temporary orders hearing," "*for the limited purpose of temporary orders* [] [Wife] is not entitled to an award of temporary spousal maintenance." (Emphasis in original.) This special action followed.

## DISCUSSION

¶5            Temporary orders terminate upon entry of the final decree and are not appealable. A.R.S. § 25-316(D)(4); *Courtney v. Foster*, 235 Ariz. 613, 615, ¶ 4 (App. 2014). Because any issues with the temporary order will become moot before Wife may appeal, we accept jurisdiction per our discretion. *See* Ariz. R.P. Spec. Act. 12(b)(5).

¶6            Wife raises two arguments: the superior court erred by failing to determine its jurisdiction and holding Husband's motion in abeyance, and the court denied her due process by ruling on temporary maintenance without allowing briefing and argument on the applicability of the premarital agreement. We do not consider Wife's jurisdictional arguments because the superior court later ruled on the merits about spousal maintenance. We review the denial of temporary spousal maintenance for an abuse of discretion. *See Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9 (App. 2007) (spousal maintenance); *Maximov v. Maximov*, 220 Ariz. 299, 300, ¶ 2 (App. 2009) (temporary orders). But we review the denial of due process *de novo. Backstrand v. Backstrand*, 250 Ariz. 339, 346, ¶ 28 (App. 2020).

**A.      Wife's Failure to Challenge the Premarital Agreement's Enforceability Barred Arizona Courts from Granting Spousal Maintenance.**

¶7            Married individuals may contract to eliminate spousal maintenance in a premarital agreement, A.R.S. § 25-203(A)(4), and to specify the forum governing the agreement, if doing so does not violate public policy, A.R.S. § 25-203(A)(8). The party against whom a premarital agreement is being enforced bears the burden of proving its

unenforceability. *See* A.R.S. § 25-202(C); *In re Marriage of Pownall*, 197 Ariz. 577, 580, ¶ 8 (App. 2000). As relevant here, a premarital agreement is unenforceable if a party signed involuntarily or if the agreement was unconscionable and, before its execution, issues arose with disclosure of the other party's finances. A.R.S. § 25-202(C). A premarital agreement may only be amended or revoked by a written agreement signed by both parties. A.R.S. § 25-204.

¶8　　　　Husband presented a premarital agreement that, on its face, denied Wife spousal maintenance in a term she signed voluntarily and knowingly. The agreement also granted a foreign court jurisdiction to resolve disputes arising from the agreement. At the temporary orders hearing, Wife conceded she was not challenging the agreement's formation, and she does not contest the agreement's validity or enforceability on special action. She failed to prove that the agreement was unenforceable. If Wife wants to challenge other aspects of the agreement, that is not for an Arizona court to first decide. The court that the parties have contractually chosen to have jurisdiction must address any remaining issues. *See Societe Jean Nicolas Et Fils v. Mousseux*, 123 Ariz. 59, 61 (1979) ("[A] forum selection clause that is fairly bargained for and not the result of fraud will be enforced so long as to do so is reasonable at the time of litigation and does not deprive a litigant of his day in court.").

¶9　　　　Wife contends she did not contest the validity of the agreement because it was raised as part of Husband's motion to dismiss, which the court held in abeyance. But Wife raised her issues with the superior court's jurisdiction decisions in later pleadings, both in the superior court and in her special action petition. At either point, she could have also challenged the agreement's enforceability.

¶10　　　　Wife also had a chance to address the agreement at the temporary orders hearing. Wife's argument considers the premarital agreement only in the context of jurisdiction. While true that the agreement could bar the superior court's jurisdiction because of the forum selection clause, the agreement was also a substantive barrier to Wife's request for maintenance. If the agreement was valid, Wife "irrevocably and absolutely" waived maintenance. Wife needed to show the unenforceability of this term to receive maintenance as well. *See* A.R.S. § 25-202(C).

¶11　　　　Wife's due process argument fails because she had an opportunity to challenge the agreement. She introduced evidence on temporary spousal maintenance at the hearing, and both parties briefed temporary maintenance in their prehearing statements. Wife could have

addressed the validity of the premarital agreement at either point. *See Volk v. Brame*, 235 Ariz. 462, 468, ¶ 20 (App. 2014) (Due process requires the court to "afford the parties an opportunity to be heard at a meaningful time and in a meaningful manner." (quotation omitted)). Indeed, she tried to address the agreement at trial, but the testimony was precluded because it drew legal conclusions. And she argued for the court accepting jurisdiction in her motion for reconsideration. Wife had multiple opportunities to challenge the agreement meaningfully.

¶12 The superior court did not err by denying Wife temporary maintenance. On the record before it, the court had no grounds to doubt the validity of the premarital agreement, so any substantive challenges to the agreement are for the contracted-to forum to decide. If new evidence shows that Wife is entitled to maintenance, Wife will not be harmed because temporary orders may be modified before the final decree and can be retroactive. *See* A.R.S. § 25-316(D)(2) (modification); *Maximov*, 220 Ariz. at 301-02, ¶ 10 (retroactivity).

¶13 If the foreign court does not decide matters of the agreement, it is appropriate for the superior court to do so.[2] Accordingly, our holding is without prejudice to Wife raising the temporary maintenance issue should the Israeli court not address spousal maintenance, either by determining itself an inconvenient forum or by declining to rule on the alimony term. Nor does our holding affect any request for permanent maintenance. *See* A.R.S. § 25-316(D)(1) (Temporary orders do not prejudice the rights of parties to be adjudicated at later hearings.).

---

[2] Although the previous temporary order statute only allowed changes "on a showing by affidavit of the facts necessary" to revoke or modify a final decree, *see* A.R.S. § 25-315(F)(2) (2009) (amended 2022), the current version of the statute does not address the required showing, *see* A.R.S. § 25-316(D)(2). That said, modification is appropriate if the Israeli court does not address the spousal maintenance term in the premarital agreement.

## CONCLUSION

**¶14**       We accept jurisdiction but deny relief. Both parties request their attorney's fees under Arizona Revised Statutes § 25-324. Per our discretion, we decline to award either side their fees.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR