NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DARRELL LAMAR HAWKINS, *Petitioner/Appellant*,

*v.*

EMILY JEAN HAWKINS, *Respondent/Appellee*.

No. 1 CA-CV 25-0750 FC

FILED 06-29-2026

Appeal from the Superior Court in Maricopa County
No. FC2023-094729
The Honorable Keith A. Miller, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

McWhorter Law Firm, Gilbert
By Heath H. McWhorter
*Counsel for Appellant*

Al Arpad, Esq., Phoenix
By Alexander R. Arpad
*Co-Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Veronika Fabian joined.

---

**B E C K E**, Judge:

¶1 Darrell Lamar Hawkins ("Husband") appeals the superior court's dissolution decree and order amending the decree. For the following reasons, we affirm in part and vacate and remand in part.

**FACTS AND PROCEDURAL HISTORY**

¶2 Husband was married to Emily Jean Hawkins ("Wife") for eight years before petitioning for divorce in November 2023. They share one minor child, born December 2019. Husband works as a bankruptcy attorney earning $35,000 monthly and Mother works as a dental hygienist instructor earning $7,222 monthly.

¶3 Mother and Father moved for temporary orders. Mother sought temporary spousal maintenance while Father requested joint legal decision-making and proposed a parenting schedule. Following an evidentiary hearing, the superior court awarded Mother temporary spousal maintenance of $4,000 for nine months followed by $2,000 for another nine months, ordered Father to pay $95 each month in child support, granted joint legal decision-making, and adopted Father's parenting time schedule. Neither party provided a transcript of this hearing.

¶4 At the trial in April 2024, the parties agreed on some issues but still disputed legal decision-making, parenting time, the division of assets, spousal maintenance, child support, and attorneys' fees. The superior court heard testimony from both parties, their valuation experts, and Mother's sister. As relevant here, the court issued its dissolution decree amending the existing parenting schedule to adopt some of Mother's proposed changes, ordering Father to pay $1,076 monthly in child support to Mother, and denying Mother's spousal maintenance claim. The court also awarded Father a Tesla valued at $10, all of his 2023 tax refund, and a Vantage self-directed IRA ("IRA") valued at $1.3 million. Father was also ordered to pay an equalization payment of $31,500. Last, the court found

neither party acted unreasonably but awarded Mother a portion of her attorneys' fees based on financial disparity. *See* A.R.S. § 25-324(B).

¶5 Both parties moved to alter or amend the decree. Father asked the court to reconsider the parenting time schedule, the temporary spousal maintenance and child support, the value of the Tesla, the split of the tax refund and retirement accounts, and to divide assets omitted from the decree. He also argued Mother should not be awarded attorneys' fees because she acted unreasonably during the proceedings and had similar assets following the division of the marital estate. Mother asked the court to divide several life insurance policies and financial accounts not addressed in the decree. Mother's motion also requested additional findings under Arizona Rule of Family Law Procedure ("Rule") 82(b).

¶6 The superior court affirmed its decision on parenting time, temporary spousal maintenance and child support, the Tesla valuation, the tax refund division, the IRA, and attorneys' fees. The court divided the omitted life insurance policies and other assets, ordering Father to pay an additional $65,162 as an equalization payment. The court did not explain how the equalization payment amount was calculated. Father timely appealed. We have jurisdiction. A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

¶7 Father argues the superior court erred by (1) setting the parenting time schedule, (2) not crediting him for overpaid temporary spousal maintenance, (3) undercharging him for child support, (4) failing to correctly value and divide assets, and (5) awarding attorneys' fees to Mother. We address each issue in turn.

## I. The Court Did Not Err in Setting the Parenting Time Schedule.

¶8 We review the superior court's orders regarding parenting time for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). When parents disagree on a parenting time schedule, the court is tasked with deciding a schedule based on the child's best interests, including specific statutory factors enumerated in § 25-403(A). A.R.S. §§ 25-403.02(D), -403(A). It must make "specific findings on the record about all *relevant* factors and the reasons for which the decision is in the best interests of the child," § 25-403(B) (emphasis added), and adopt a parenting plan that maximizes a parent's respective parenting time consistent with a child's best interests, § 25-403.02(B). Parenting-time orders which lack requisite statutory findings and fail to set forth the superior court's consideration of

those factors are deficient as a matter of law and constitute an abuse of discretion. *Christopher K. v. Markaa S.*, 233 Ariz. 297, 301, ¶ 18 (App. 2013).

**¶9**        Although Father argues the court's § 25-403 findings were scarce, the superior court considered the relevant § 25-403 factors and found its parenting time schedule "is practical and also maximizes each parent's parenting time to the extent it is in the child's best interests." Neither party disputed the superior court's findings that the child was too young to express his wishes on parenting time, that neither party had mental or physical health problems, and that there was no history of or false reporting of domestic violence or child abuse. *See* A.R.S. § 25-403(A)(4), (5), (8), (11). The court made findings on the third factor—the child's adjustment to home, school, and community—which was the only factor disputed at trial. The court is only required to make findings on relevant factors. *See* A.R.S. § 25-403(B).

**¶10**        Father argues the child had become accustomed to the temporary orders' parenting plan. That argument ignores, however, that the superior court is not handcuffed to its temporary orders because the orders do "not prejudice the rights of the parties at subsequent hearings in the proceedings" and automatically "terminate[] when the final decree is entered." A.R.S. § 25-316(D). We discern no abuse of discretion.

## II.    The Court Was Not Required to Retroactively Modify Temporary Spousal Maintenance.

**¶11**        Father next argues that because Mother was not entitled to spousal maintenance in the final decree, the court should have retroactively modified the temporary spousal maintenance. We review the court's decision whether to modify temporary support for an abuse of discretion. *Maximov v. Maximov*, 220 Ariz. 299, 300, ¶ 2 (App. 2009). The court abuses its discretion when the record viewed most favorably to affirming is "devoid of competent evidence to support the decision." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (internal quotations omitted).

**¶12**        In a dissolution proceeding, the superior court may issue an order for temporary spousal maintenance but such an order "[d]oes not prejudice the rights of the parties or of any child that are to be adjudicated at the subsequent hearings in the proceeding[,]" and may be revoked or modified any time before entry of the final decree if there is a showing that there has been a substantial and continuing change of circumstances. A.R.S. §§ 25-316(A)(2), (D)(1)–(2), -327; *Maximov*, 220 Ariz. at 301, ¶ 7 (stating the family court retains its authority to modify temporary support). "The

burden of proving changed circumstances is on the party seeking modification." *Scott v. Scott*, 121 Ariz. 492, 494 (1979).

¶13 Here, the superior court awarded temporary spousal maintenance but denied additional spousal maintenance in the final dissolution decree and affirmed both decisions following Father's motion to amend. Father did not allege during trial or in his motion to amend that there was a substantial or continuing change of circumstances that justifies retroactive modification. Therefore, Father has not met his burden. *See id.*

¶14 Instead, Father presumes the denial of spousal maintenance in the final decree automatically modified the temporary orders. Neither the final decree nor the order denying Father's motion to amend contain any language to support that theory. Nor has Father provided any case law or statutory authority to support that presumption.

¶15 Additionally, Father did not provide a transcript of the temporary orders hearing. We therefore presume the superior court found every fact necessary to support its award of temporary maintenance. *See* ARCAP 11(c); *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) (holding we may assume the court's findings are supported by the record when the parties fail to provide the relevant transcripts).

¶16 Even so, the court's orders are supported by the record. Prior to the petition for dissolution, Mother had left her job while pregnant and then started working part time. Around the time of the petition, Mother had moved to full time. However, shortly thereafter, Father was given exclusive possession of the house in the temporary orders. The court reasonably could have found Mother was unable to support herself and needed maintenance to transition to self-reliance. *See* A.R.S. § 25-319(A)(1). Father fails to show the superior court erred.

## III. The Court Was Not Required to Retroactively Modify Temporary Child Support.

¶17 Father next argues the temporary child support should be retroactively modified to reflect the monthly child support amount in the final dissolution decree. We review a child support order for an abuse of discretion. *Cummings v. Cummings*, 182 Ariz. 383, 385 (App. 1994).

¶18 Here, the superior court ordered Father to pay $95 in monthly child support to Mother following temporary orders and $1,076 monthly following the final dissolution decree. That difference is attributable to a $15,000 increase in Father's monthly income and the elimination of

Mother's temporary spousal maintenance, which was included as income in the child support worksheet. Both orders were consistent with the superior court's financial findings at those times. We discern no abuse of discretion.

## IV.    The Court Erred in Valuing and Dividing Assets.

¶19        Father challenges the superior court's valuation and division of assets.

### A.    Valuation of Assets

¶20        Father claims the court abused its discretion because the evidence does not support the court's valuation of the Tesla or the IRA. We review the superior court's valuation of assets and liabilities for an abuse of discretion. *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012). "A court abuses its discretion if it commits an error of law . . . or the record fails to provide substantial evidence to support the court's findings." *Id.* (internal quotations omitted).

¶21        Here, the superior court valued the Tesla at $10 and the IRA at $1.3 million. That was error. The only evidence in the record shows the Tesla had a value of negative $879.63, as more was owed on it than it was worth. Father testified the value of the IRA at the termination of the community estate was $1,292,188 and the court expressly adopted his expert's identical calculation of the IRA's value. But that calculation was $7,812 less than the court's valuation in the decree, contrary to the evidence presented. Neither the valuation of the Telsa nor the valuation of the IRA is supported by the record. For that reason, the court erred.

### B.    Division of Assets

¶22        Father asks us to review the superior court's division of assets and corresponding equalization payment. We review de novo the court's characterization of assets or debts as community or separate, but we review the court's division of those assets and debts for an abuse of discretion. *Hammett v. Hammett*, 247 Ariz. 556, 559, ¶ 13 (App. 2019). In a dissolution, the superior court must "assign each spouse's sole and separate property to such spouse" and divide the community property and debt equitably. A.R.S. §§ 25-213, -318(A).

¶23        Here, the superior court found equal distribution of the marital estate was appropriate, awarded each party assets, and ordered Father to pay two equalization payments. The court, however, did not

explain which assets were separate or community, what value it assigned certain assets, or how it calculated the equalization payments.

¶24        For instance, Father complains that part of his 2023 tax refund is separate property because part of his taxable income was earned post-petition. The court awarded him his full year tax refund of $81,106 but did not explain how or if any of it was apportioned as separate or community property. Further, in the court's order amending the decree, it awarded three life insurance policies to Mother and four to Father. It then ordered Father to pay an equalization payment of $65,162. Father argues that one of the policies was separate property, but we have no way of reviewing whether the court agreed or how it calculated the equalization payment because the court failed to categorize those assets as separate or community property.

¶25        Mother requested additional findings under Rule 82(b) regarding these same assets and Father was not required to make an identical request to avoid negative presumptions on appeal. *See Miller v. McAlister*, 151 Ariz. 435, 437 n.1 (App. 1986) (holding one party is still entitled to challenge the sufficiency of the trial court's findings even though the opposing party made the request for findings of fact and conclusions of law under Ariz. R. Civ. P. 52); *Stein v. Stein*, 238 Ariz. 548, 551, ¶ 11 n.6 (App. 2015) (noting Arizona Rule of Civil Procedure 52 is the civil counterpart to Arizona Rule of Family Law Procedure 82). The court's failure to apportion property as community or separate and then detail the value and division of that property was error. We vacate the superior court's division of property orders and remand so that the court may assign proper values to the Tesla and IRA, supplement its decree with the requested additional findings, and recalculate the appropriate equalization payment.

¶26        We also note the superior court's decree did not assign or divide a forthcoming burglary insurance payout. Although neither party raised this issue in their post-trial motions, because we are remanding for additional findings regarding other assets, as a matter of judicial economy, the court should address this payout on remand.

## V.    The Court Did Not Err in Awarding Attorneys' Fees.

¶27        Father argues the superior court erred in awarding Mother a portion of her attorneys' fees under § 25-324, which authorizes an award of attorneys' fees after considering both parties' financial resources and the reasonableness of their positions throughout the proceedings. We review

an award of attorneys' fees for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014).

**¶28**     Here, the superior court found both parties acted reasonably but awarded Mother her attorneys' fees based on financial disparity. *See Magee v. Magee*, 206 Ariz. 589, 591, ¶ 8 n.1 (App. 2004) ("[A]n applicant need not show both a financial disparity and an unreasonable opponent in order to qualify for consideration for an award."). We decline Father's request for us to reweigh the statutory factors and substitute our judgment for that of the superior court in its fee award. *See Ferrill v. Ferrill*, 253 Ariz. 393, 399, ¶ 25 (App. 2022) (holding the balancing of the factors pertinent to an attorneys' fees award is left to the superior court's discretion).

## CONCLUSION

**¶29**     We affirm the superior court's decree and the order amending the decree as to the parenting time schedule, temporary spousal maintenance, temporary child support, and attorneys' fees.

**¶30**     We vacate the court's division of property and remand for the court to make new findings as to the Tesla and IRA's values, apportion disputed assets as community or separate, and correspondingly adjust its equalization payment.

**¶31**     Both parties request their reasonable attorneys' fees on appeal pursuant to §§ 25-324, -415. We decline those requests in our discretion. Father, as the successful party, is entitled to his taxable costs upon compliance with ARCAP 21. *See* A.R.S. § 12-341.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR

8